**MANATT, PHELPS & PHILLIPS, LLP**
Kenneth D. Friedman
Matthew F. Bruno
7 Times Square
New York, New York 10036
(212) 790-4500
kfriedman@manatt.com
mbruno@manatt.com

*Attorneys for Defendant*
*Sierra Creative Systems, Inc.*

## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, *et al.*,<br><br>Plaintiffs,<br><br>-against-<br><br>SIERRA CREATIVE SYSTEMS, INC., *et al.*,<br><br>Defendants. | Civil Case No. 1:25-cv-11870-HB<br><br>Hon. Harvey Bartle III, D.C.J.<br><br>**SIERRA CREATIVE SYSTEMS, INC.'S ANSWER AND** <u>**AFFIRMATIVE DEFENSES**</u> |

Defendant Sierra Creative Systems, Inc. ("Sierra") through its undersigned counsel, respectfully submits its Answer and Affirmative Defenses to Plaintiffs' Complaint ("Complaint").

## <u>INTRODUCTION</u>

1.     The allegations in Paragraph 1 of the Complaint consist of opinion, and/or call for a legal conclusion to which no response is required.  To the extent

that a specific response is required, Sierra denies the allegations in Paragraph 1 of the Complaint.

2. Sierra lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and therefore denies the allegations therein.

3. Sierra denies the allegation that it has "wantonly and repeatedly disregard[ed] the law" in Paragraph 3 of the Complaint. Except as expressly denied, the allegations in Paragraph 3 of the Complaint consist of opinion, and/or call for a legal conclusion to which no response is required.

4. The allegations in Paragraph 4 of the Complaint consist of opinion, and/or call for a legal conclusion to which no response is required. To the extent that a specific response is required, Sierra denies the allegations in Paragraph 4 of the Complaint.

## BACKGROUND

5. Sierra lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 5 of the Complaint, and on that basis, denies them.

6. Sierra lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6 of the Complaint, and on that basis, denies them.

7.    Sierra lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7 of the Complaint, and on that basis, denies them.

8.    The allegations in Paragraph 8 of the Complaint call for a legal conclusion to which no response is required.  To the extent that a specific response is required, Sierra denies the allegations in Paragraph 8 of the Complaint.

9.    The allegations in Paragraph 9 of the Complaint call for a legal conclusion to which no response is required.  To the extent that a specific response is required, Sierra denies the allegations in Paragraph 9 of the Complaint.

10.    The allegations in Paragraph 10 of the Complaint call for a legal conclusion to which no response is required.  To the extent that a specific response is required, Sierra denies the allegations in Paragraph 10 of the Complaint.

11.    The allegations in Paragraph 11 of the Complaint call for a legal conclusion to which no response is required.  To the extent that a specific response is required, Sierra denies the allegations in Paragraph 11 of the Complaint.

12.    Sierra lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 12 of the Complaint, and on that basis, denies them.

13. Sierra lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 of the Complaint, and on that basis, denies them.

14. Sierra lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 14 of the Complaint, and on that basis, denies them.

15. Sierra lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 of the Complaint, and on that basis, denies them.

16. Sierra lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 16 of the Complaint, and on that basis, denies them.

17. The allegations in Paragraph 17 of the Complaint call for a legal conclusion to which no response is required.  To the extent that a specific response is required, Sierra denies the allegations in Paragraph 17 of the Complaint.

## THE PARTIES

18. Sierra lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18 of the Complaint, and on that basis, denies them.

19.    Sierra lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 of the Complaint, and on that basis, denies them.

20.    Sierra lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20 of the Complaint, and on that basis, denies them.

21.    Sierra lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 of the Complaint, and on that basis, denies them.

22.    Sierra lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 of the Complaint, and on that basis, denies them.

23.    Sierra lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 of the Complaint, and on that basis, denies them.

24.    The allegations in Paragraph 24 of the Complaint call for a legal conclusion to which no response is required.  To the extent that a specific response is required, Sierra denies the allegations in Paragraph 24 of the Complaint.

25.    The allegations in Paragraph 25 of the Complaint call for a legal conclusion to which no response is required.  To the extent that a specific response

is required, Sierra lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25 of the Complaint, and on that basis, denies them.

26.    Sierra lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26 of the Complaint, and on that basis, denies them.

27.    Sierra lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27 of the Complaint, and on that basis, denies them.

28.    Sierra denies the allegations in Paragraph 28 of the Complaint.

29.    The allegations in Paragraph 29 of the Complaint call for a legal conclusion to which no response is required.  To the extent that a specific response is required, Sierra lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29 of the Complaint, and on that basis, denies them.

30.    Sierra lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30 of the Complaint, and on that basis, denies them.

31.     Sierra lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31 of the Complaint, and on that basis, denies them.

32.     Sierra lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 32 of the Complaint, and on that basis, denies them.

33.     Sierra lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 33 of the Complaint, and on that basis, denies them.

34.     Sierra lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 34 of the Complaint, and on that basis, denies them.

35.     The allegations in Paragraph 35 of the Complaint call for a legal conclusion to which no response is required.  To the extent that a specific response is required, Sierra lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 of the Complaint, and on that basis, denies them.

36.     The allegations in Paragraph 36 of the Complaint call for a legal conclusion to which no response is required.  To the extent that a specific response is required, Sierra lacks knowledge or information sufficient to form a belief about

the truth of the allegations in Paragraph 36 of the Complaint, and on that basis, denies them.

37. Sierra lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37 of the Complaint, and on that basis, denies them.

38. Sierra admits that it is a California corporation with a principal place of business at 15700 Texaco Ave, Paramount, California 90723. Except as expressly admitted, Sierra denies the allegations in Paragraph 38 of the Complaint.

39. Sierra denies the allegations in Paragraph 39 of the Complaint.

40. Sierra admits its website URL is "theaddressers.com." Except as expressly admitted, Sierra denies the allegations in Paragraph 40.

41. Sierra denies the allegations in Paragraph 41 of the Complaint.

42. The allegations in Paragraph 42 of the Complaint call for a legal conclusion to which no response is required. To the extent that a specific response is required, Sierra lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42 of the Complaint, and on that basis, denies them.

## JURISDICTION AND VENUE

43. The allegations in Paragraph 43 of the Complaint call for a legal conclusion to which no response is required. To the extent that a specific response

is required, Sierra lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43 of the Complaint, and on that basis, denies them.

44.    The allegations in Paragraph 44 of the Complaint are legal conclusions to which no responsive pleading is required and pertain to the irrelevant issue of whether the venue provisions of Rule 4:3-2 are satisfied.

## FACTS COMMON TO ALL COUNTS

45.    The allegations in Paragraph 45 of the Complaint call for a legal conclusion to which no response is required.  To the extent that a specific response is required, Sierra denies the allegations in Paragraph 45 of the Complaint.

46.    The allegations in Paragraph 46 of the Complaint call for a legal conclusion to which no response is required.  To the extent that a specific response is required, Sierra denies the allegations in Paragraph 46 of the Complaint.

47.    The allegations in Paragraph 47 of the Complaint call for a legal conclusion to which no response is required.  To the extent that a specific response is required, Sierra denies the allegations in Paragraph 47 of the Complaint.

48.    The allegations in Paragraph 48 of the Complaint call for a legal conclusion to which no response is required.  To the extent that a specific response is required, Sierra denies the allegations in Paragraph 48 of the Complaint.

49.    The allegations in Paragraph 49 of the Complaint call for a legal conclusion to which no response is required.  To the extent that a specific response is required, Sierra denies the allegations in Paragraph 49 of the Complaint.

50.    The allegations in Paragraph 50 of the Complaint call for a legal conclusion to which no response is required.  To the extent that a specific response is required, Sierra denies the allegations in Paragraph 50 of the Complaint.

51.    The allegations in Paragraph 51 of the Complaint call for a legal conclusion to which no response is required.  To the extent that a specific response is required, Sierra denies the allegations in Paragraph 51 of the Complaint.

52.    Sierra lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52 of the Complaint, and on that basis, denies them.  Otherwise, the allegations in Paragraph 52 of the Complaint call for a legal conclusion to which no response is required.

53.    Sierra lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53 of the Complaint, and on that basis, denies them.

54.    Sierra denies the allegations in Paragraph 54 of the Complaint.

55.    Sierra denies the allegation that it "still refuse[s] to comply with Daniel's Law" in Paragraph 55 of the Complaint.  Except as expressly denied,

10

Sierra lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 55 of the Complaint, and on that basis, denies them.

56.    Sierra lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56 of the Complaint, and on that basis, denies them.

57.    Sierra lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57 of the Complaint, and on that basis, denies them.

58.    Sierra admits that "Individual Plaintiffs and Atlas hereby assert claims against Defendants" in Paragraph 58 of the Complaint.  With respect to the rest of the sentence, Sierra denies the allegations in Paragraph 58 of the Complaint.

## <u>COUNT ONE</u>
### (Daniel's Law)

59.    Sierra reasserts and incorporates by reference its response to the foregoing Paragraphs as if set forth fully herein.

60.    Sierra lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 60 of the Complaint, and on that basis, denies them.

61.    Sierra denies the allegations in Paragraph 61 of the Complaint.

62.    Sierra denies the allegations in Paragraph 62 of the Complaint.

63.    Sierra denies the allegations in Paragraph 63 of the Complaint.

11

64.    Sierra denies the allegations in Paragraph 64 of the Complaint.

65.    Sierra denies the allegations in Paragraph 65 of the Complaint.

Sierra denies each and every allegation set forth in the paragraph in the Complaint that begins with "WHEREFORE, Plaintiffs request that Judgment be entered against Defendants as follows:," including all subparts, and specifically denies that Plaintiffs are entitled to any of the damages or other relief requested in the Complaint, either expressly or by implication, including but not limited to the specific relief requested on page 23, Paragraphs A-G of the Complaint, or to any relief at all.

## AFFIRMATIVE DEFENSES

Without waiving the foregoing or undertaking any burden of proof not otherwise assigned to it, Sierra asserts the following separate and affirmative defenses to the causes of action alleged in the Complaint.  All defenses are pled in the alternative and do not constitute an admission either of liability, or as to whether Plaintiffs are entitled to relief.  As separate and distinct affirmative defenses to the Complaint, Sierra alleges as follows:

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiffs fail to state a claim for which relief may be granted against Sierra.

12

## SECOND AFFIRMATIVE DEFENSE
### (Lack of Standing)

Plaintiffs lack standing to bring the claims or to plead damages, and therefore Plaintiffs' claims are barred in whole or in part.

## THIRD AFFIRMATIVE DEFENSE
### (Estoppel and Waiver)

Plaintiffs' claims are barred in whole or in part based on the doctrines of estoppel and waiver.

## FOURTH AFFIRMATIVE DEFENSE
### (Comparative Fault)

Sierra is not liable for monetary relief attributable to the responsibility, negligence, or fault of any other person or entity, whether named or unnamed in the Complaint, and any such relief shall be apportioned accordingly.

## FIFTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

Plaintiffs failed and neglected to mitigate their alleged damages, injuries, and/or losses, and therefore any recovery against Sierra is barred or reduced accordingly.

## SIXTH AFFIRMATIVE DEFENSE
### (Laches)

Plaintiffs unreasonably delayed in asserting their claims against Sierra, and their claims are therefore barred as a result.

## SEVENTH AFFIRMATIVE DEFENSE
### (Release)

Plaintiffs have released their claims, cause of actions, and/or losses against Sierra.

## EIGHTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Plaintiffs' claims for relief are barred, in whole or in part, by the doctrine of unclean hands.

## NINTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

The purported cause of action alleged by the Plaintiffs is barred, in whole or in part, by the applicable statute(s) of limitations.

## TENTH AFFIRMATIVE DEFENSE
### (No Causal Connection)

The Plaintiffs' claim is barred because Sierra's conduct was not the proximate cause of Plaintiffs' alleged injuries, if any.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Conformance with Existing Laws and Regulations)

All conduct and activities of Sierra alleged in the Complaint conformed to statutes, government regulations, and industry standards based upon the state of knowledge existing at the time(s) alleged in the Complaint.  As a consequence, some or all of Plaintiffs' claims are barred in full, or in part, based on Sierra's good faith belief that it had good cause and/or a legitimate business reason to act as it

14

did, and did not directly or indirectly perform any acts that would constitute a violation of any of Plaintiffs' rights.

## TWELFTH AFFIRMATIVE DEFENSE
### (No Damages)

Plaintiffs' claim for damages is barred, in whole or in part, because their damages, if any, are speculative and unforeseeable, and because it is impossible to ascertain and allocate such damages.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Intervening or Superseding Causes)

Plaintiffs' Complaint is barred, in whole or in part, to the extent that Plaintiffs' purported damages, if any, resulted from the acts and/or omissions of other parties, third parties, conditions, or by forces and/or things over whom/which Sierra had no control. The acts of such other parties/third parties/conditions/forces constitute intervening or superseding causes of the harm Plaintiffs suffered, if any.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Offset)

Sierra is entitled to an offset for any monies received by Plaintiffs from any source in compensation for their alleged economic damages and noneconomic damages under the common-law doctrine of offset and under the doctrine prohibiting double recovery.

15

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Acquiescence, Ratification, and Consent)

The causes of the action in the Complaint are barred, in whole or in part, by the doctrines of acquiescence, ratification, and consent.

### SIXTEENTH AFFIRMATIVE DEFENSE
### (Collateral Estoppel, Res Judicata, and Judicial Estoppel)

The causes of action alleged in the Complaint are barred, in whole or in part, under the doctrines of collateral estoppel, res judicata, and/or judicial estoppel.

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (Unconstitutionality)

The civil provisions of Daniel's Law, P.L. 2020, c. 125, codified at N.J.S.A. 56:8-166.1–3, are facially unconstitutional under the First Amendment and the Free Speech Clause of the New Jersey Constitution, are unconstitutional as applied to Sierra, and are unconstitutionally vague.

### EIGHTEENTH AFFIRMATIVE DEFENSE
### (Invalid Assignment of Claim)

The alleged Covered Persons did not execute a valid assignment of their rights under N.J.S.A. 56:8-166.1 to allow Atlas Data Privacy Corporation to prosecute the action on their behalf.

### NINETEENTH AFFIRMATIVE DEFENSE
### (Punitive Damages Barred)

Plaintiffs' claim against Sierra for punitive damages is barred in whole or in part by the New Jersey Punitive Damages Act, N.J.S.A. § 2A:15-5.9.

16

## TWENTIETH AFFIRMATIVE DEFENSE
### (Claims Barred by The Tort Claims Act)

Plaintiffs' claims against Sierra are barred in whole or in part by the New Jersey Tort Claims Act.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Claims Barred by Communications Decency Act)

Plaintiffs' claims against Sierra are barred in whole or in part by the Communications Decency Act.

## ADDITIONAL AFFIRMATIVE DEFENSES

The Complaint does not describe the claims or facts with sufficient particularity to permit Sierra to ascertain what other defenses may exist. Sierra will rely on any and all further defenses that become available or appear during discovery in this action and specifically reserves the right to assert any additional defenses.

## PRAYER

WHEREFORE, having fully answered Plaintiffs' Complaint, Sierra prays for judgment as follows:

1. Plaintiffs' Complaint be dismissed in its entirety with prejudice;

2. Plaintiffs take nothing by reason of the Complaint;

3. Sierra be awarded its costs and expenses, including attorney's fees, incurred in this action; and

17

4. The Court award Sierra such other relief and further relief as the Court deems just and proper.

## DESIGNATION OF TRIAL COUNSEL

Kenneth D. Friedman, Esq. is hereby designated as trial counsel for Defendant Sierra Creative Systems, Inc.

Dated:  May 7, 2026                    Respectfully submitted,
        New York, New York

                                       MANATT, PHELPS & PHILLIPS, LLP

                                       /s/ *Kenneth D. Friedman*
                                       Kenneth D. Friedman
                                       Matthew F. Bruno
                                       7 Times Square
                                       New York, New York 10036
                                       (212) 790-4500
                                       kfriedman@manatt.com
                                       mbruno@manatt.com


                                       *Attorneys for Defendant*
                                       *Sierra Creative Systems, Inc.*

18

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a true and correct copy of the foregoing was

served via ECF on May 7, 2026, to:

Rajiv D. Parikh
PEM Law LLP
One Boland Dr., Suite 101
West Orange, New Jersey 07052
(973) 577-5500
rparikh@pemlawfirm.com


By:  /s/ *Kenneth D. Friedman*
       Kenneth D. Friedman